IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



ANDREW M. JACOBS,

    Petitioner,

v.                                    Civil Action No. 3:09CV366

VIRGINIA DEPARTMENT OF CORRECTIONS,

    Respondent.

**MEMORANDUM OPINION**

Andrew M. Jacobs, a Virginia prisoner proceeding pro se, filed this action pursuant to 28 U.S.C. § 2254. On Wednesday, August 26, 2009, the Court dismissed the action as unexhausted because Jacobs's state habeas petition is still pending in the Circuit Court for Fairfax County. On September 9, 2009, the Court received Jacobs's response to the Court's memorandum opinion, which will be construed as a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.[1]

The United States Court of Appeals for the Fourth Circuit has recognized three grounds for granting Rule 59(e) relief: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Pac. Ins. Co. v. Am.

---

[1] Jacobs's motion is deemed filed on Tuesday, September 8, 2009, the date it was placed in the prison mail system. Houston v. Lack, 487 U.S. 266, 276 (1988). The motion was therefore timely filed within ten business days of the entry of judgment, as required prior to the December 1, 2009 Amendments to the Federal Rules of Civil Procedure. Fed. R. Civ. P. 59(e), 6(a)(2).

Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998) (citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993)). Importantly, "[a] litigant may not use Rule 59 to relitigate issues already decided by the Court." In re Cable & Wireless, PLC, 332 F. Supp. 2d 896, 899 (E.D. Va. 2004) (citing cases); see also Johnson v. City of Richmond, 102 F.R.D. 623, 623 (E.D. Va. 1984)(explaining that Rule 59(e) does not provide a vehicle for "fil[ing] a brief in opposition to the judge's opinion in rendering final judgment").

Jacobs does not identify any new facts or change in the law; instead, he merely re-urges grounds already rejected by the Court. (July 14, 2009 Resp. to July 7, 2009 Order to Show Cause.) "Rule 59(e) motions 'are not at the disposal of an unsuccessful party to "rehash" the same arguments and facts previously presented.'" Thompson v. Direct Impact Co., 63 F. Supp. 2d 721, 724 (E.D. Va. 1998) (quoting Keyes v. Nat'l R.R. Passenger Corp., 766 F. Supp. 277, 280 (E.D. Pa. 1991)). Moreover, Jacobs has failed to demonstrate any error in the Court's judgment. Accordingly, Jacobs's Motion to Alter or Amend the Judgment (Docket No. 8) will be DENIED.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Jacobs.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: January 15, 2010